1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER J. LANGLEY,              No.  2:19-cv-01022-TLN-DMC

12              Plaintiff,

13        v.                             **ORDER**

14   WELL PATH MEDICAL, et al.,

15              Defendants.

16

17        This matter is before the Court pursuant to Plaintiff Christopher J. Langley's ("Plaintiff")

18   Motion for Reconsideration (ECF No. 17), in which Plaintiff seeks reconsideration of the Order

19   adopting the Findings and Recommendations to dismiss the action for failure to prosecute and

20   Judgment (ECF Nos. 11–13).  For the reasons set forth below, Plaintiff's motion is DENIED.

21        **I.      FACTUAL AND PROCEDURAL BACKGROUND**

22        Plaintiff initiated this action on May 28, 2019.  (ECF No. 1.)  On June 17, 2019, the

23   magistrate judge ordered Plaintiff to file a completed application to proceed *in forma pauperis*

24   within 30 days in order to resolve the fee status for this case.  (ECF No. 8.)  Plaintiff was warned

25   that his failure to resolve the fee status may result in the dismissal of his action pursuant to Local

26   Rule 110 for failure to prosecute and failure to comply with court rules and orders.  (*Id*.)  The

27   June 17, 2019, Order was returned as "undeliverable," due to Plaintiff's failure to keep the Court

28   ///

                                            1

appprised of his current address.  Plaintiff subsequently failed to comply with the magistrate judge's Order.

On August 26, 2019, as a result of Plaintiff's failure to comply with the Order to resolve his fee status, the magistrate judge issued Findings and Recommendations recommending dismissal of Plaintiff's action for failure to prosecute and failure to comply with court rules and orders.  (ECF No. 11.)  The Findings and Recommendations was also returned as "undeliverable," due to Plaintiff's failure to keep the Court apprised of his current address.[1]  On October 1, 2019, after the time to file objections to the Findings and Recommendations had expired, the Court adopted the Findings and Recommendations in full and closed the case.  (ECF Nos. 12–13.)

Plaintiff filed a Notice of Change of Address on October 3, 2019 (ECF No. 14), and a Motion for an Extension of Time to file objections to the Findings and Recommendations on October 9, 2019, on the basis that his mailbox keys were lost and he had to attend to funeral arrangements in August 2019 for his deceased aunt (ECF No. 15).  The magistrate judge denied Plaintiff's request for an extension of time as moot.  (ECF No. 16.)

On October 24, 2019, Plaintiff filed the instant Motion for Reconsideration, on the basis that he did not receive prior Court filings because he lost his mailbox keys and suffered the death of his aunt.  (ECF No. 17.)  The Court addresses and DENIES Plaintiff's motion for the reasons stated herein.

## II.      STANDARD OF LAW

The Court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60.  Rule 59(e) applies to a motion for reconsideration of a final judgment.  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  Under this rule, "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment."  Fed. R. Civ. P. 59(e).

---

[1]      The Court notes other orders issued on June 4, 2019 (ECF No. 7), and August 2, 2019 (ECF No. 10), were also returned as "undeliverable."

Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes. Under Rule 60(b), the Court may relieve Plaintiff from final judgment for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

### III. ANALYSIS

First, to the extent Plaintiff's Motion for Reconsideration is brought pursuant to Rule 59(e), it is untimely. Here, the Court entered judgment on October 1, 2019. (ECF No. 13.) Plaintiff did not file his Motion for Reconsideration until October 24, 2019, nearly a month after the Court dismissed this action. (ECF No. 17.)

Alternatively, if Plaintiff's motion is brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, it lacks merit. In his one-page motion, Plaintiff appears to argue he did not timely object to the Findings and Recommendations (ECF No. 11) because he never received them in the mail due to previously losing his mail keys and therefore being unable to access the contents of his family mailbox. (ECF No. 17; *see also* ECF No. 15.) The Court finds Plaintiff's argument is unpersuasive.

Under Local Rule 182(f), Plaintiff is under a continuing obligation to inform the Court of any change of address. E.D. Cal. L.R. 182(f). "Absent such notice, service of documents at the prior address . . . shall be fully effective." *Id.* Here, Plaintiff commenced this action on May 28,

2019, and listed his address of record at the Auburn Jail in Auburn, California. (ECF No. 1.) It may be inferred that immediately thereafter Plaintiff's address was changed, as the first Court filing returned as "undeliverable" was issued on June 4, 2019. Yet Plaintiff failed to submit a notice of address change until October 2019, four months later. (ECF No. 14.) Under these circumstances, Plaintiff's failure to comply with the Local Rules during the pendency of this action does not constitute "excusable neglect." *See, e.g., Royal v. Hofer*, No. 2:07-cv-00474-GEB-DAD-P, 2009 WL 2424589 (E.D. Cal. Aug. 6, 2009) (denying reconsideration of dismissal for failure to comply with court orders, where delay resulted from plaintiff's failure to update address with court); *see also Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (factors to consider in determining whether neglect is excusable include "the reason for the [filing] delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."); *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008), quoting *Pioneer Invs. Servs. Co*., 507 U.S. at 392 ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'"); *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) (refusing to set aside judgment when *pro se* party received actual or constructive notice of a filing and failed to respond). Nor does Plaintiff identify any new or different facts or circumstances to satisfy the requirement set forth under Local Rule 230(j). For these reasons, Plaintiff's Motion for Reconsideration must be DENIED.

### IV.   CONCLUSION

Plaintiff's motion is untimely under Federal Rule of Civil Procedure 59, and the Rule 60 standard is not met. Further, Plaintiff has failed to satisfy the requirements set forth by Local Rule 230(j). Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 17) is DENIED.

IT IS SO ORDERED.

Dated: January 15, 2020

Troy L. Nunley
United States District Judge